UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LYN COWLING,<br><br>                Plaintiff,<br><br>   v.<br><br>TACOMA SCHOOL DISTRICT NO. 10,<br>PIERCE COUNTY, WA, et al.,<br><br>                Defendants. | CASE NO. C09-5429BHS<br><br>ORDER GRANTING IN PART<br>AND DENYING IN PART<br>DEFENDANTS' MOTION<br>FOR SUMMARY JUDGMENT<br>AND ORDERING PARTIES<br>TO SHOW CAUSE |

     This matter comes before the Court on Defendants' motion for summary judgment (Dkt. 20). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part Defendants' motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

     On October 13, 2010, Defendants filed the instant motion for summary judgment. Dkt. 20. On November 1, 2010, Plaintiff Lyn Cowling ("Cowling") responded in opposition (Dkt. 27), and on November 5, 2010, Defendants replied (Dkt. 30).

## II. FACTUAL HISTORY

     The following facts are undisputed. Cowling has been employed by Tacoma School District No. 10 since 2000. Dkt. 28 at 2 (Cowling Decl.). She currently works as an attendance secretary for Stadium High School. *Id*. In September 2007, Cowling was

ORDER – 1

hired as the full-time attendance secretary at Mount Tahoma High School. *Id*. at 4.  In November, 2007, the district hired Randee Eddins ("Eddins"), an African-American woman, to work with Cowling in the attendance office. *Id*. at 4-5.

The primary dispute began on March 20, 2008, when Eddins allegedly "blew up" at Cowling, which Cowling reported to her immediate supervisor, Lynn Gill ("Gill"). *Id*. at 9. On March 27, 2008, Cowling and Eddins met with Gill separately to discuss the issues between the two women. *Id.* at 11. Eddins claimed that Cowling was racially discriminating against her and filed a written racial discrimination complaint against Cowling in early April 2008. *Id*. at 12. Gill moved her to a separate office in order to investigate the racial discrimination complaint. *Id*. Cowling was in the front office for a total of six days between March 27 and April 11, 2008. *Id*. at 13. Eddins spent one day in the front office before taking a leave of absence until April 23, 2008. *Id*. at 15. On April 9, 2010, Cowling filed a written harassment complaint against Eddins. *Id*. at 15. On April 11, 2010, the investigators found that Eddins's complaint was unfounded and told Cowling that she could return to the attendance office on April 14, 2010. *Id*. 14. The district responded to Cowling's harassment complaint on December 17, 2008, finding that Eddins's conduct toward Cowlings did not constitute harassment. *Id*. at 18; Dkt. 20 at 8-9.

Upon Eddins's return from her leave of absence, Defendant Laurie Taylor ("Taylor"), Assistant Superintendent, met with Cowling and Eddins to discuss the issues between Cowling and Eddins. Dkt. 28 at 15-16. Taylor told the women that there was a "personality conflict" that needed to be worked through. *Id*. at 14; Dkt. 20 at 7. In late April Gill began meeting with Cowling and Eddins to monitor the issues in the attendance office and review attendance office duties. Dkts. 20 at 7, 28 at 17. Eventually, Cowling refused to go to the meetings. Dkt. 20 at 8. On January 26, 2009, Cowling began working at Stadium High School. *Id*.at 9.

ORDER – 2

# III. DISCUSSION

## A. Summary Judgment Standard

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 253). Conclusory,

ORDER – 3

nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.     Defendants' Motion for Summary Judgment**

Cowling asserts seven state and federal causes of action against the Defendants: (1) violations of substantive and procedural due process by depriving her of liberty and property interests protected by 42 U.S.C § 1983; (2) violation of First Amendment and Washington Constitution Article I, § 5, freedom of speech; (3) violation of RCW 49.60.030, discrimination; (4) violation of RCW 42.40, whistleblower retaliation; (5) negligent infliction of emotional distress; (6) tort of outrage; and (7) defamation. *See* Dkt. 1, Ex. 2 ("Complaint").

**1.     Federal Claims**

First, Defendants argue that the 42 U.S.C. § 1983 claims against Defendant Laurie Taylor ("Taylor") are not available because Taylor is entitled to qualified immunity. Dkt. 20 at 11. Cowling responds by citing two Washington State cases on discretionary immunity. Dkt. 27 at 14-15. Because Cowling fails to respond to the issue of qualified immunity (a federal law issue), the Court finds Defendants' qualified immunity argument meritorious and dismisses all federal claims against Taylor. *See* W.D. Wash Local Rule 7(b)(2) ("If a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit").

Second, Defendants correctly point out that Cowling fails to provide an adequate response to Defendants' motion for summary judgment as to the federal claims against the remaining Defendant, Tacoma School District No. 10. Cowling does not respond to (1) Defendants' argument that Cowling does not allege any government action that invokes a violation of substantive due process;[1] (2) Defendants' argument that Cowling

---

[1] The Court agrees with Defendants that Cowling has not alleged any action by the Defendants that is a violation of substantive due process.

ORDER – 4

does not assert a valid protected property interest; and (3) Defendants' argument that "grievances related to personnel issues do not invoke First Amendment protections." Dkt. 20 at 12-14. In fact, most of Cowling's arguments are focused on the state rather than federal causes of action that she alleges. Because Cowling fails to adequately oppose Defendants' motion, the Court could grant, as to Cowling's federal claims, Defendants' motion in accordance with Local Rule 7(b)(2), finding Defendants' motion meritorious.

However, even if Cowling had properly opposed Defendants' motion, Cowling's federal claims would not survive summary judgment.

### a. Substantive and Procedural Due Process

Cowling claims that Defendants violated her substantive and procedural due process rights by removing her to the front office and by failing to follow the "well established department rules, policies, and procedures through a prompt investigation." Dkt. 1, Ex. 2 at 7. "To succeed on a substantive or procedural due process claim, the plaintiffs must first establish that they were deprived of an interest protected by the Due Process Clause." *Johnson v. Rancho Santiago Comm. College Dist.*, 623 F.3d 1011 (citing *Shanks v. Dressel,* 540 F.3d 1082, 1087 (9th Cir. 2008) (substantive due process); *Kildare v. Saenz,* 325 F.3d 1078, 1085 (9th Cir. 2003) (procedural due process)). *See also Bd. of Regents v. Roth,* 408 U.S. 564, 573 (1972) (holding that the Due Process Clause protects the right to "engage in the common occupations of life"). Defendants correctly argue that Cowling was not deprived of a fundamental right. Dkt. 20 at 12 (citing *Collins v. City of Harker Heights*, 503 U.S. 115, 126 (1992) (quoting *DeShaney v. Winnebago County Dept. of Social Services,* 489 U.S. 189, 196 ("forbids the State itself to deprive individuals of life, liberty, or property without 'due process of law'"))). Cowling contends that Defendants violated her liberty and property interests because she was not an at-will employee and because her reputation was damaged by the false remarks of Eddins. Dkt. 27 at 8 (citing *Washington Educ. Ass'n v. State*, 97 Wn.2d 899 (1982) ("a union contract

ORDER – 5

provides sufficient protections to create a property interest in the public employee's job")).

Defendants violate Cowling's liberty interest only when they "foreclose [her] freedom to take advantage of other employment opportunities," for instance by barring . . . her from "all other public employment." *Roth*, 408 at 573-74. Here, Cowling was not barred from employment. While the conflict between her and Eddins may have caused difficulties for her in finding another job within the district, she was still employed in the attendance office at Mount Tahoma High School. Furthermore, Cowling was later transferred to Stadium High School's attendance office, where she is currently employed. Cowling's liberty interest in her public employment was not deprived, as she still had and continues to have her job within the district.

"Protected property interests are not created by the Constitution, but rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Roth,* 408 U.S. at 577. "State law creates a property interest protected by the Due Process Clause where it creates a legitimate claim of entitlement" to a particular benefit. *Id*. "A legitimate claim of entitlement is determined largely by the language of the statute and the extent to which the entitlement is couched in mandatory terms." *Wedges/Ledges of Cal., Inc. v. Phoenix,* 24 F.3d 56, 62 (9th Cir. 1994).

The Court agrees with Defendants that, even if Cowling has a property interest in her job because she is an union employee, she was never deprived of that property interest because there was no adverse employment action against her. Cowling has failed to show that any deprivation of a property interest actually occurred. Cowling was not terminated, nor was her salary ever reduced as a result of the Defendants placing her in the front office so they could investigate Eddins's complaint. The employment difficulties and issues Cowling describes do not rise to the level of a protected property interest. *See, e.g.*, *Millheisler v. Lincoln High School*, 2008 WL 4443818 (W.D. Wash. September 24, 2008)

ORDER – 6

(Judge Bryan upheld summary judgment in favor of school where teacher alleged that he was temporarily displaced due to "procedurally defective documents" in his personnel file because *the displacement was not a deprivation of property*).

Therefore, the Court finds in favor of Defendants on their motion for summary judgment as to Cowling's substantive and procedural due process claims because Cowling was not deprived of a fundamental interest protected by the due process clause.

### b.     First Amendment Claims

Cowling claims that the district retaliated against her by placing her in the front office after she raised concerns about Eddins's ability to perform her job in the attendance office. Dkt. 27 at 16. Cowling also asserts a number of other bases of alleged retaliation; however, Cowling's allegations about her negative performance reviews and difficulty finding a different position in the district do not amount to adverse action to support a First Amendment retaliation claim. *See e.g. Christensen v. Washington State Dept. of Corrections*, 2010 WL 1734841 (W.D. Wash. April 28, 2010) (where plaintiff asserted a number of instances of alleged retaliation, Judge Leighton dismissed Plaintiff's First Amendment claims stating that "Plaintiff has cited no authority to support the assertion that either the delay or inadequacy of his accommodations amounts to an adverse employment action").

In order to determine whether Cowling's First Amendment rights were violated, the Court "must carefully balance the interests of the public employee, as a citizen, in commenting upon matters of public concern and the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees" (the *Pickering* balancing test). *Brownfield v. City of Yakima*, 612 F.3d 1140 (9th Cir. 2010) (quoting *Huppert v. City of Pittsburg,* 574 F.3d 696, 702 (9th Cir. 2009) (quotation omitted)).

> To conduct this balancing, we employ a sequential five-step test, considering: (1) whether the plaintiff spoke on a matter of public concern; (2) whether the plaintiff spoke as a private citizen or public employee; (3)

ORDER – 7

> whether the plaintiff's protected speech was a substantial or motivating factor in the adverse employment action; (4) whether the state had an adequate justification for treating the employee differently from other members of the general public; and (5) whether the state would have taken the adverse employment action even absent the protected speech.

*Brownfield*, 612 F.3d 1140 (quoting *Eng v. Cooley,* 552 F.3d 1062, 1070 (9th Cir. 2009)).

Cowling argues that, because there is a public interest in student attendance, and her speech was directed at Eddins's abilities as an attendance secretary, her speech was of a public concern. Dkt. 27 at 15. Cowling relies on *White v. State*, 131 Wn. 2d 1, 929 P.2d 396 (1997) to support this contention.[2] *Id*. In *White*, the court held that patient abuse was a matter of public concern and, therefore, protected speech. *White*, 131 Wn. 2d at 11. Cowling contends that student attendance is also a matter of public concern because state law requires schools to keep attendance pursuant to RCW 28A.225.020. Dkt. 27 at 15. Patient abuse and student attendance are quite different issues given the context of this case. However, the Court will not decide whether student attendance is a public concern protected by the First Amendment because, even if Cowling's speech was protected, Defendants took no adverse action against Cowling as a result of her speech about Eddins's abilities as an attendance secretary. Defendants contention, that Cowling's temporary relocation to the front office was a result of the investigation of Eddins's racial complaint, is supported by the record. It is also undisputed that Cowling was not discharged, nor did she lose any pay or benefits during the time that she was relocated to the front office. *Id.*

After considering all five *Pickering* factors and viewing the facts in the light most favorable to Cowling, the Court concludes that Cowling's First Amendment rights were not violated. Cowling was not terminated, nor was her pay cut. Cowling remained employed as the attendance secretary at Mount Tahoma High School and is currently the

---

[2] Cowling does not cite to a federal case to support her position that her speech was of a public concern, protected by the First Amendment claim.

ORDER – 8

attendance secretary at Stadium High School. The six days that Cowling was relocated to the front office coincide with the school's investigation of Eddins's discrimination claim. The actions by Defendants would have been taken had there not been protected speech. *See, e.g., Knickerbocker v. City of Stockton*, 81 F.3d 907 (9th Cir. 1996) (Ninth Circuit upheld trial court's finding of no retaliation where police officer was *permanently transferred* after speaking against a department procedure that was unlawful).

Finally, the fact that Eddins only worked one day in the front office, compared to Cowling's six days worked, can be explained by the fact that Eddins took a leave absence before she could completed her time in the main office. Here, as soon as the investigation was complete by Defendants, Cowling was restored to the attendance office.

Therefore, as to Cowling's First Amendment claim, the Court finds in favor of Defendants on summary judgment.

**2.     State Claims**

With the federal claims dismissed, the Court should decline to exercise supplemental jurisdiction over Cowling's non-federal claims unless the parties show cause as to why this case should not be remanded to state court. *Wade v. Regional Credit Association*, 87 F.3d 1098, 1101 (9th Cir. 1996) ("where a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice"); *Harrell v. 20th Century Insurance Co.*, 934 F.2d 203, 205 (9th Cir.1991) ("[I]t is generally preferable for a district court to remand remaining pendent claims to state court"); 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a [state-law] claim [if] . . . the district court has dismissed all claims over which it has original jurisdiction"). *See also United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law").

ORDER – 9

## IV. ORDER

Therefore, the Court **GRANTS** Defendants' motion for summary judgment as to Cowling's federal claims, **DISMISSES** all federal claims against Defendant Laurie Taylor, and **ORDERS** the parties to show cause, by December 10, 2010, why the remaining state claims should not be remanded to state court for the reasons stated herein.

DATED this 2nd day of December, 2010.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge

ORDER – 10